UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN FAHRENKAMP,

      Plaintiff,

v.                                     Case No:   2:14-cv-407-FtM-29CM

RADIOLOGY REGIONAL
CENTER, P.A.,

      Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion to Approve Fair Labor Standards Act ("FLSA") Settlement and for Dismissal With Prejudice (Doc. 14), and the FLSA Settlement Agreement and Limited Release (Doc.14 at 6-8, "settlement agreement") was filed for the Court's review.  Plaintiff Brian Fahrenkamp ("Fahrenkamp") is requesting that the Court approve the parties' settlement of the FLSA claim for overtime wages.  For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employee files suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff worked as an air conditioning maintenance technician for Defendant from approximately April 2013 to July 2014, and brings a claim for unpaid overtime, alleging he worked in excess of 40 hours per week for which he was not compensated at time and a half. Doc. 1 at ¶ 14-19. In his Answers to the Court's Interrogatories, filed September 18, 2014, Plaintiff alleged he was due $3,045.00 in overtime wages and $3,045.00 in liquidated damages. Doc. 13-1. Plaintiff also

stated that as of September 18, 2014, he had incurred attorney's fees in the amount of $5,100.00 (12 hours at an hourly rate of $425.00) and costs in the amount of $435.00. Doc. 13.

As a reasonable compromise of the disputed issues, Defendant has agreed to pay Plaintiff the sum of $2,250.00 for overtime wages and an additional $2,250.00 in liquidated damages. Defendant further agrees to pay Plaintiff's attorney's fees in the amount of $4,000.00 and costs in the amount of $435.00. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiff's recovery and did not affect the amount of recovery. Doc. 14 at 3. Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation).

In this case, Defendant agreed to pay Plaintiff's counsel $4,000.00 in attorney's fees, which were agreed upon separately, without regard to the amount paid to the

Plaintiff. Doc. 14 at 3. Thus, the Court finds the fee to be reasonable.[2] Having reviewed the settlement documentation (Doc. 14 at 6-8), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.[3]

ACCORDINGLY, it is respectfully

**RECOMMENDED**:

1. The Parties' Renewed Joint Motion and Memorandum of Law in Support of Request for Approval of Settlement (Doc. 14) be **GRANTED,** and the Settlement Agreement (Doc. 14 at 6-8) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action and the Clerk be directed to close the file.

---

[2] Because the total fee sought in this case does not appear unreasonable on its face and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

[3] The Court notes that the settlement agreement states the following:

> If Defendant fails to make the payments set forth herein, the Plaintiff shall, after providing Defendant with written notice of default and ten (10) days to cure same, be entitled to a consent judgment against Defendant in the amount of $8,935.00, less any amounts already paid by Defendant.

Doc. 14 at 7. Although the settlement agreement does not state that the parties would seek to obtain a consent judgment in this Court, and the Court does not construe it as such, the Court will not retain jurisdiction over the terms of the settlement agreement.

**DONE and ENTERED** in Ft. Myers, Florida this 4th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record